**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@samuelandstein.com

Attorneys for Plaintiffs, Individually and on behalf of all others similarly situated

| | |
|---|---|
| Miguel Angel Mejias Villejas, and Dionicio Templos, on behalf of themselves and all other persons similarly situated,<br><br>    Plaintiffs,<br><br>        - vs. -<br><br>OISHII SUSHI JAPANESE RESTAURANT INC. d/b/a/ Oishii Sushi, Kevin "Doe", and Cindy "Doe",<br><br>    Defendants. | DOCKET NO. _____<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

    Plaintiffs Miguel Angel Mejias Villejas and Dionicio Templos, by and through their undersigned attorneys, for their complaint against defendants OISHII SUSHI JAPANESE RESTAURANT INC. d/b/a Oishii Sushi, Kevin Doe and Cindy Doe, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1. Plaintiffs Miguel Angel Mejias Villejas and Dionicio Templos allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants OISHII SUSHI JAPANESE RESTAURANT INC. d/b/a Oishii Sushi, Kevin Doe and Wendy Doe, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Mr. Villejas and Mr. Templos further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for

these violations; and (v) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3. Plaintiff Miguel Villejas is an adult individual residing in Astoria, New York.

4. Plaintiff Dionicio Templos is an adult individual residing in Astoria, New York.

5. Mr. Villejas and Mr. Templos each consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); their written consent was previously filed.

6. Defendant OISHII SUSHI JAPANESE RESTAURANT INC., d/b/a/ Oishii Sushi, is a domestic business corporation organized under the law of the State of New York (hereinafter referred to as "Oishii Sushi") with a principal place of business at 37-04 Ditmars Boulevard, Astoria, New York.

7. Defendant Oishii Sushi owns and operates a sushi restaurant, with a principal place of business at 37-04 Ditmars Boulevard, Astoria, New York.

8. At all relevant times, defendant Oishii Sushi was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. Upon information and belief, defendant Oishii Sushi is a New York corporation with a principal place of business at 37-04 Ditmars Boulevard, Astoria, New York.

10. At all relevant times, defendant Oishii Sushi has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. Upon information and belief, at all relevant times, defendant Oishii Sushi has had gross revenues in excess of $500,000.00.

12. Upon information and belief, at all relevant times herein, defendant Oishii Sushi has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

13. Upon information and belief, defendant Kevin Doe is an owner or part owner and principal of Oishii Sushi, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14. Defendant Kevin Doe was involved in the day-to-day operations of Oishi Sushi and played an active role in managing the business.

15. Upon information and belief, defendant Cindy Doe is an owner or part owner and principal of Oishii Sushi, who has

the power to hire and fire employees, set wages and schedules, and maintain their records.

16. Defendant Cindy Doe was involved in the day-to-day operations of Oishii Sushi and played an active role in managing the business.

17. Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of defendant Oishii Sushi whose identities are unknown at this time, who participated in the day-to-day operations of defendants, who have the power to hire and fire employees, set wages and schedules, and retain their records.

18. Defendants constituted "employers" of Mr. Villejas and Mr. Templos as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Villejas's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Villejas's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

21. Pursuant to 29 U.S.C. § 206 and § 207, Mr. Villejas and Mr. Templos seeks to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since December 23, 2017, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

22. The Collective Action Members are similarly situated to Mr. Villejas and Mr. Templos in that they were employed by defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

23. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

24. Mr. Villejas, Mr. Templos and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

25. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

26. At all relevant times herein, defendants owned and operated Oishii Sushi, a sushi restaurant in Astoria, New York.

27. Mr. Villejas was employed at Oishii Sushi from approximately January 2018 until July 2020.

28. Mr. Villejas was employed as a delivery man and sushi sauce maker.

29. Mr. Templos has been employed at Oishii Sushi from September 2020 to the present.

30. Mr. Templos is employed as a deliver man.

31. Mr. Villejas's and Mr. Templos's work was/is performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

32. At all relevant times herein, Mr. Villejas and Mr. Templos were employees engaged in commerce and/or in the

7

production of goods for commerce, as defined in the FLSA and its implementing regulations.

33. During his employment by defendant Oishii Sushi, Mr. Villejas worked a regular schedule of seven days per week, from 11 a.m. until 11 p.m.

34. As a result, he was working approximately 84 hours per week.

35. Mr. Villejas was paid a fixed weekly salary in cash throughout his employment by the defendants.

36. From January 2018 through June 2018, Mr. Villejas was paid at a rate of $900 per month; From 2018 through July 2020 Mr. Villejas was paid at a rate of $1,100 per month.

37. Mr. Villejas received this amount each week for all hours he worked, regardless of the exact number of hours he worked in a given week.

38. Mr. Templos works a regular of seven days per week, from 11:30 a.m. to 12 a.m.

39. As a result, Mr. Templos works approximately 87.5 hours per week.

40. Mr. Templos is being paid $1,000 per month in cash, regardless of the exact number of hours he works each month.

41. As a result, Mr. Villejas's and Mr. Templos' effective rate of pay were each sometimes below the statutory New York City minimum wage in effect at relevant times.

42. Defendants' failure to pay Mr. Villejas and Mr. Templos an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

43. Mr. Villejas and Mr. Templos have been paid in cash throughout their employment, and they received no paystubs or wage statements of any sort with their pay.

44. In addition, defendants failed to pay Mr. Villejas and Mr. Templos any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

45. Defendants' failure to pay Mr. Villejas and Mr. Templos the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

46. Defendants failed to provide Mr. Villejas and Mr. Templos with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

47. Defendants failed to provide Mr. Villejas and Mr. Templos with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

48. Upon information and belief, throughout the period of Mr. Villejas's and Mr. Templos's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Villejas and Mr. Templos (the Collective Action Members) in positions at defendants' restaurants that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

49. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

50. Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

51. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime

compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

52. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

53. Upon information and belief, while the defendants employed Mr. Villejas and Mr. Templos and the Collective Action members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

54. Upon information and belief, while the defendants employed Mr. Villejas and Mr. Templos and the Collective Action members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**COUNT I**

**(New York Labor Law – Minimum Wage)**

55. Mr. Villejas and Mr. Templos repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

56. At all relevant times, Mr. Villejas and Mr. Templos were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

57. Defendants willfully violated Mr. Villejas's and Mr. Templos's rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

58. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

59. Due to the defendants' New York Labor Law violations, Mr. Villejas and Mr. Templos are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act – Overtime)

60. Mr. Villejas and Mr. Templos, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

61. At all relevant times, the defendants employed Mr. Villejas and Mr. Templos and each of the Collective Action Members within the meaning of the FLSA.

62. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

63. As a result of defendants' willful failure to compensate their employees, including Mr. Villejas, Mr. Templos and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

64. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

65. Due to the defendants' FLSA violations, Mr. Villejas and Mr. Templos, and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest,

13

reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

66. Mr. Villejas and Mr. Templos repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

67. At all relevant times, Mr. Villejas and Mr. Templos were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

68. Defendants willfully violated Mr. Villejas's and Mr. Templos's rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

69. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

70. Due to the defendants' New York Labor Law violations, Mr. Villejas and Mr. Templos are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable

14

attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (NEW YORK LABOR LAW – SPREAD OF HOURS)

71. Mr. Villejas and Mr. Templos repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

72. At all relevant times, Mr. Villejas and Mr. Templos were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

73. Defendants willfully violated Mr. Villejas's and Mr. Templos's rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

74. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

75. Due to Defendants' New York Labor Law violations, Mr. Villejas and Mr. Templos are entitled to recover from

Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

76. Mr. Villejas and Mr. Templos repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

77. At all relevant times, Mr. Villejas and Mr. Templos were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

78. Defendants willfully violated Mr. Villejas's and Mr. Templos's rights by failing to provide them with the wage notice required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

79. Defendants willfully violated Mr. Villejas's and Mr. Templos's rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

80. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr.

16

Villejas and Mr. Templos are each entitled to recover from the defendants statutory damages of $250 per day, from January 2018 through July 2020 for Mr. Villejas, and from September 2, 2020 to the present for Mr. Templos, up to the maximum statutory damages.

81. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Villejas and Mr. Templos are entitled to recover from the defendants statutory damages of $50 per day from January 2018 to July 2020 for Mr. Villejas, and from September 2, 2020 to the present for Mr. Templos, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Villejas and Mr. Templos respectfully request that this Court grant the following relief:

   a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b),

17

and appointing Mr. Villejas and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f. Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

g. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

18

h. Liquidated damages for the defendants' New York Labor Law violations;

i. Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

j. Back pay;

k. Punitive damages;

l. An award of prejudgment and postjudgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n. Such other, further, and different relief as this Court deems just and proper.

Dated: December 23, 2020

> _Michael Samuel_____
> Michael Samuel (MS 7997)
> SAMUEL & STEIN
> 1441 Broadway
> Suite 6085
> New York, New York 10018
> (212) 563-9884
> Attorneys for Plaintiffs,
> *Individually and on behalf of an FLSA collective action*